1  HUNTER PYLE (SBN 191125)
   CHAD SAUNDERS (SBN 257810)
2  **HUNTER PYLE LAW**
3  428 Thirteenth Street, 11th Floor
   Oakland, California 94612
4  Telephone: (510) 444-4400
   Facsimile: (510) 444-4410
5  Emails: hunter@hunterpylelaw.com;
            csaunders@hunterpylelaw.com
6
7  Attorneys for Plaintiffs RONDA AUSTIN,
   CHRISTOPHER CORDUCK, ERNEST DIAL,
   BILLY WAYNE GIBSON and BOBBY G. SMITH
8

9                 **UNITED STATES DISTRICT COURT**

10              **NORTHERN DISTRICT OF CALIFORNIA**

11                      **OAKLAND DIVISION**

| | |
|---|---|
| RONDA AUSTIN, CHRISTOPHER CORDUCK, ERNEST DIAL, BILLY WAYNE GIBSON and BOBBY G. SMITH, on behalf of themselves and all others similarly situated, | Case No. 4:16-cv-07185-HSG |
| | **FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| Plaintiffs, | 1. **FAILURE TO PAY MINIMUM WAGES** (Labor Code §§ 1182.11-1182.13, 1194, 1194.2, 1197 & 1198); |
| v. | 2. **FAILURE TO PROVIDE OFF-DUTY MEAL PERIODS** (Labor Code §§ 226.7, 512, IWC Wage Order No. 9); |
| FOODLINER, INC., and DOES 1 through 10, inclusive, | 3. **FAILURE TO AUTHORIZE AND PERMIT REST PERIODS** (Labor Code § 226.7, IWC Wage Order No. 9); |
| Defendants. | 4. **FAILURE TO REIMBURSE BUSINESS EXPENSES** (Labor Code § 2802); |
| | 5. **FAILURE TO PROVIDE ADEQUATE WAGE STATEMENTS** (Labor Code § 226, IWC Wage Order No. 9); |
| | 6. **UNLAWFUL BUSINESS PRACTICES** (Business & Professions Code §§ 17200, *et seq.*); and |
| | 7. **PENALTIES UNDER THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004** (Labor Code §§ 2698, *et seq.*) |
| | **DEMAND FOR JURY TRIAL** |

## I.      INTRODUCTION

1.      This is a class action under Rule 23 of the Federal Rules of Civil Procedure, brought by plaintiffs Ronda Austin, Christopher Corduck, Ernest Dial, Billy Wayne Gibson and Bobby G. Smith ("Plaintiffs").

2.      Plaintiffs seek to represent a class comprised of current and former truck drivers employed by defendant Foodliner, Inc. ("FOODLINER") in the State of California ("Class Members").

3.      FOODLINER is in the business of transporting various liquid and dry cargo from one location to another.  FOODLINER has employed Plaintiffs and Class Members as truck drivers and paid Plaintiffs and Class Members on a per load basis.  However, FOODLINER has failed to pay Plaintiffs and Class Members for all hours worked, in particular, for their rest periods; for non-productive time, including but not limited to, for dead mileage, dead running or dead-heading ("dead-heading") (when the truck driver operates without carrying any cargo or load); for work performed pre- and post-trip; for the time spent fueling their vehicles; for the time spent completing necessary paperwork; for standby time; and for time spent attending required safety meetings and trainings.  Furthermore, the wages that FOODLINER has paid Plaintiffs and Class Members have regularly failed to meet the requirements of applicable minimum wage laws.

4.      FOODLINER has also failed to provide Plaintiffs and Class Members with proper meal and rest periods, and failed to pay one additional hour of pay at Plaintiffs and Class Members' respective regular rates of compensation for each workday that they were not provided an adequate off-duty meal or rest period.  FOODLINER has also failed to pay Plaintiffs and Class Members for their rest periods.

5.      With respect to business expenses, FOODLINER has failed to reimburse Plaintiffs and Class Members for the cost of their meals while staying overnight in a motel for work-related purposes.  FOODLINER has also required Plaintiffs and Class Members to use their cell phones for work-related purposes.  FOODLINER has failed to fully reimburse Plaintiffs and Class Members for the costs of those phones.

6.      FOODLINER has also failed to timely pay all wages due to its truck drivers at the time of their termination.

7.      FOODLINER has also failed to provide the following information on Plaintiffs' and Class Members' wage statements: (1) the actual number of hours worked; (2) the applicable piece-rate information and number of piece-rates earned; (3) the name and address of the legal entity that is the employer; (4) the inclusive dates of the pay period; or (5) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

8.      By failing to properly compensate Plaintiffs and Class Members, FOODLINER has sought to avoid various duties and obligations owed to employees under California's Labor Code and Industrial Welfare Commission ("IWC") wage orders, including but not limited to: the duties to pay at least minimum wages to truck drivers and to document their actual hours worked (Labor Code §§ 226, 226.2, 510, 1174,  1182.11-11.82.13, 1194, 1194.2, 1197, 1198; IWC Wage Order No. 9-2001 (8 Cal. Code Regs. § 11090) ("Wage Order No. 9"), §§ 3, 4, 7; the duty to provide off-duty meal and paid rest periods (Labor Code §§ 512, 226.7; Wage Order No. 9 §§ 11, 12); and other related legal obligations.

9.      Plaintiffs bring claims on behalf of Class Members for unpaid wages, payments for rest periods and meal periods, unreimbursed business expenses, inadequate wage statements, and statutory and civil penalties, interest, and attorneys' fees and costs, under Labor Code sections 203, 218.5, 226.7, 1194, and 2802, and Code of Civil Procedure section 1021.5.  Plaintiffs, on behalf of themselves and the Class Members, also seek equitable and injunctive relief for these violations pursuant to Business and Professions Code sections 17200-17208 (also referred to herein as the "UCL").

## II.      JURISDICTION

10.     On November 3, 2016, Plaintiffs filed the original complaint in this case in the Superior Court of California, County of Alameda.

11.     On December 15, 2016, FOODLINER removed this case to the United States District Court for the Northern District of California, pursuant to the Class Action Fairness Act of

2005, 28 U.S.C. section 1332(d), alleging that the parties are diverse and that the amount in controversy exceeds $5,000,000.

### III.   PARTIES

**A.   PLAINTIFFS**

12.     Each of the Plaintiffs has been employed as a truck driver by FOODLINER in California during the period beginning four years prior to the filing of the original complaint in this matter to the present (the "Class Period").

13.     Plaintiff Ronda Austin worked for FOODLINER as a truck driver from prior to the Class Period until July 6, 2017.  FOODLINER did not compensate her for non-productive time, for dead-heading before and after the delivery of loads, for work performed pre- and post-trip, for standby time, for waiting time, for time spent fueling her vehicle, for completing paperwork, for mandatory safety meetings and trainings, or for rest periods.  FOODLINER failed to provide her with proper meal periods and failed to authorize and permit rest periods.  FOODLINER also failed to reimburse her for meals while travelling or for the use of her cell phone.  Furthermore, FOODLINER failed to provide the following information on her wage statements:  (1) the total hours worked; (2) the number of piece-rate units earned; (3) the name and address of the legal entity that is the employer; and (4) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

14.     Plaintiff Christopher Corduck worked for FOODLINER as a truck driver from June 2016 until September 27, 2016.  FOODLINER did not compensate him for non-productive time, for dead-heading before and after the delivery of loads, for work performed pre- and post-trip, for standby time, for waiting time, for time spent fueling his vehicle, for completing paperwork, for mandatory safety meetings and trainings, or for rest periods.  FOODLINER failed to provide him with proper meal periods and failed to authorize and permit rest periods.  FOODLINER also failed to reimburse him for meals while travelling or for the use of his cell phone.  Furthermore, FOODLINER failed to provide the following information on his wage statements:  (1) the total hours worked; (2) the number of piece-rate units earned; (3) the name and address of the legal

entity that is the employer; and (4) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

15.     Plaintiff Ernest Dial worked for FOODLINER as a truck driver from prior to the Class Period until August 2016.  FOODLINER did not compensate him for non-productive time, for dead-heading before and after the delivery of loads, for work performed pre- and post-trip, for standby time, for waiting time, for time spent fueling his vehicle, for completing paperwork, for mandatory safety meetings and trainings, or for rest periods.  FOODLINER failed to provide him with proper meal periods and failed to authorize and permit rest periods.  FOODLINER also failed to reimburse him for meals while travelling or for the use of his cell phone.  Furthermore, FOODLINER failed to provide the following information on his wage statements:  (1) the total hours worked; (2) the number of piece-rate units earned; (3) the name and address of the legal entity that is the employer; and (4) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

16.     Plaintiff Billy Wayne Gibson worked for FOODLINER as a truck driver from prior to the Class Period until October 2016.   FOODLINER did not compensate him for non-productive time, for dead-heading before and after the delivery of loads, for work performed pre- and post-trip, for standby time, for waiting time, for time spent fueling his vehicle, for completing paperwork, for mandatory safety meetings and trainings, or for rest periods.  FOODLINER failed to provide him with proper meal periods and failed to authorize and permit rest periods.  FOODLINER also failed to reimburse him for meals while travelling or for the use of his cell phone.  Furthermore, FOODLINER failed to provide the following information on his wage statements:  (1) the total hours worked; (2) the number of piece-rate units earned; (3) the name and address of the legal entity that is the employer; and (4) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

17.     Plaintiff Bobby G. Smith worked for FOODLINER as a truck driver from prior to the Class Period until March 2016.   FOODLINER did not compensate him for non-productive time, for dead-heading before and after the delivery of loads, for work performed pre- and post-

trip, for standby time, for waiting time, for time spent fueling his vehicle, for completing paperwork, for mandatory safety meetings and trainings, or for rest periods.  FOODLINER failed to provide him with proper meal periods and failed to authorize and permit rest periods. FOODLINER also failed to reimburse him for meals while travelling or for the use of his cell phone.  Furthermore, FOODLINER failed to provide the following information on his wage statements:  (1) the total hours worked; (2) the number of piece-rate units earned; (3) the name and address of the legal entity that is the employer; and (4) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

### B.  DEFENDANTS

18.  FOODLINER is a Wisconsin corporation.  FOODLINER conducts business in the State of California from terminals throughout the state, including in Acton, Baxter, Brawley, Cadiz, Colton, Crockett, Delhi, Fresno, Lodi, Long Beach, Los Angeles, Manteca, Mendota, Newark, Oroville, Palomar Mountain, Patterson, Rohnert Park, Stockton, Union City, and Woodland.[1]

### IV.  STATEMENT OF FACTS

19.  FOODLINER operates transportation facilities located in California.

20.  Plaintiffs are informed and believe, and thereon allege, that throughout the relevant time period of this action, FOODLINER employed at least 180 Class Members.

21.  At all times relevant hereto, the California Labor Code and Wage Order No. 9 have applied to Plaintiffs and to all Class Members.

22.  Plaintiffs are informed and believe, and thereon allege, that through common practices, policies and/or schemes, FOODLINER paid Plaintiffs and Class Members on a per load basis and failed to pay them wages owed and compensation for missed meal and rest periods in order to systematically deprive them of the benefits and protections applicable to employees under California law.

23.  Class Members' primary job duty is to haul liquid and dry materials from one location to another in trucks owned and operated by FOODLINER.  FOODLINER supplies truck

---

[1] *See* http://foodliner.com/contact-us/foodliner-locations/ (last visited October 20, 2017).

drivers with the products, equipment and physical locations to perform their job.

24.     FOODLINER controls all work details, including truck drivers' schedules and work locations, the specific work duties to be performed, and the manner in which the work duties are performed.

25.     Truck drivers are paid based on each trip driven.

26.     Based on the foregoing and other relevant factors, Plaintiffs and Class Members are and were employees of FOODLINER.

27.     Plaintiffs and other Class Members are not paid for all hours worked, in particular, for their rest periods; for non-productive time, including but not limited to, for dead mileage, dead running or dead-heading ("dead-heading") (when the truck driver operates without carrying any cargo or load); for work performed pre- and post-trip; for the time spent fueling their vehicles; for the time spent completing necessary paperwork; for standby time; and for time spent attending required safety meetings and trainings.  Finally, Plaintiffs and other truck drivers are not paid separately for their missed meal and rest periods.

28.     FOODLINER has required Plaintiffs and other Class Members to continuously drive loads without providing proper off-duty meal periods.  Plaintiffs and other Class Members regularly worked more than five (5) hours per day without receiving an adequate off-duty meal period of at least thirty (30) minutes during which they were relieved of all duties.  FOODLINER has also failed to provide Plaintiffs and other Class Members with a second meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than ten (10) hours per day.  FOODLINER has not provided Plaintiffs and other Class Members one (1) additional hour of pay for each workday that a proper meal period was not provided.

29.     FOODLINER has required Plaintiffs and other Class Members to continuously drive loads without authorizing or providing rest periods.  Plaintiffs and other Class Members have regularly worked more than three-and-one-half (3½) hours without being authorized or permitted to take a ten (10) minute rest period.  FOODLINER has not provided Plaintiffs and other Class Members one (1) additional hour of pay for each workday that a rest period was not provided.

- 6 -

30.     FOODLINER has failed to reimburse Plaintiffs and Class Members for the cost of their meals while travelling for work-related purposes.  FOODLINER has also required Plaintiffs and Class Members to use their cell phones for work-related tasks.  FOODLINER has failed to fully reimburse Plaintiffs and Class Members for the costs of those phones.

31.     The wage statements provided by FOODLINER to Plaintiffs and Class Members fail to accurately state the actual number of hours worked and the applicable pay rate(s), and fail to account for paid rest periods.  They also fail to state the name and address of FOODLINER.

**Factual Allegations Regarding the Named Plaintiffs**

32.     Plaintiff Ronda Austin worked as a truck driver for Defendant from prior to the beginning of the Class Period until July 6, 2017. Plaintiff Austin regularly worked shifts of longer than ten (10) hours per day, and frequently worked shifts longer than twelve (12) hours a day. FOODLINER paid Plaintiff Austin based on the loads she delivered on a weekly basis. For example, on November 30, 2016, Plaintiff Austin delivered loads from Patterson, California to Calistoga, California, and she was paid a flat rate of $170.00 for each delivery regardless of the amount of time it took her to make the deliveries. FOODLINER did not separately compensate Plaintiff Austin for her nonproductive time or for her rest periods on November 30, 2016, or on any other day that she performed work during the Class Period.

33.     Plaintiff Austin regularly and consistently worked shifts longer than six (6) hours, yet FOODLINER did not provide Plaintiff Austin with off-duty meal periods or authorize and permit her to take off-duty rest periods.

34.     FOODLINER did not reimburse Plaintiff Austin for the cost of her meals while travelling for work-related purposes.  FOODLINER required Plaintiff Austin to use her personal cell phone for work-related tasks on a daily basis.  FOODLINER did not reimburse Plaintiff Austin for the costs of using her personal cell phone.

35.     The wage statements provided by FOODLINER to Plaintiff Austin did not accurately state her actual number of hours worked and the applicable pay rate(s), and failed to account for paid rest periods.  They also failed to state the name and address of FOODLINER.

36.     Plaintiff Christopher Corduck worked as a truck driver for Defendant from June 2016 until September 27, 2016. Plaintiff Corduck regularly worked shifts of longer than ten (10) hours per day, and frequently worked shifts longer than twelve (12) hours a day. FOODLINER paid Plaintiff Corduck based on the loads he delivered on a weekly basis. For example, on September 1, 2016, Plaintiff Corduck delivered a load from Patterson, California to Calistoga, California, and he was paid a flat rate of $170.00 that delivery regardless of the amount of time it took him to make the delivery. On September 1, 2016, Plaintiff Corduck also delivered a load from Stockton, California to Calistoga, California, and he was paid a flat rate of $124.92 for that delivery regardless of the amount of time it took him to make the delivery. FOODLINER did not separately compensate Plaintiff Corduck for his nonproductive time or for his rest periods on September 1, 2016, or on any other day that he performed work during the Class Period.

37.     Plaintiff Corduck regularly and consistently worked shifts longer than six (6) hours, yet FOODLINER did not provide Plaintiff Corduck with off-duty meal periods or authorize and permit him to take off-duty rest periods.

38.     FOODLINER required Plaintiff Corduck to use his personal cell phone for work-related tasks on a daily basis.  FOODLINER did not reimburse Plaintiff Corduck for the costs of using his personal cell phone.

39.     The wage statements provided by FOODLINER to Plaintiff Corduck did not accurately state his actual number of hours worked and the applicable pay rate(s), and failed to account for paid rest periods.  They also failed to state the name and address of FOODLINER.

40.     Plaintiff Ernest Dial worked as a truck driver for Defendant from prior to the Class Period until August 2016. Plaintiff Dial regularly worked shifts of longer than ten (10) hours per day, and frequently worked shifts longer than twelve (12) hours a day. FOODLINER paid Plaintiff Dial based on the loads he delivered on a weekly basis. For example, on January 30, 2015, Plaintiff Dial delivered a load from Stockton, California to Calistoga, California, and he was paid a flat rate of $115.00 for that delivery regardless of the amount of time it took him to make the delivery. FOODLINER did not separately compensate Plaintiff Dial for his nonproductive time or for his

rest periods on January 30, 2015, or on any other day that he performed work during the Class Period.

41.     Plaintiff Dial regularly and consistently worked shifts longer than six (6) hours, yet FOODLINER did not provide Plaintiff Dial with off-duty meal periods or authorize and permit him to take off-duty rest periods.

42.     FOODLINER did not reimburse Plaintiff Dial for the cost of his meals while travelling for work-related purposes. For example, on April 24, 2015, FOODLINER reimbursed Plaintiff Dial $76.71 for the cost of a hotel, but did not reimburse him for the cost of his meal. FOODLINER required Plaintiff Dial to use his personal cell phone for work-related tasks on a daily basis.  FOODLINER did not reimburse Plaintiff Dial for the costs of using his personal cell phone.

43.     The wage statements provided by FOODLINER to Plaintiff Dial did not accurately state his actual number of hours worked and the applicable pay rate(s), and failed to account for paid rest periods.  They also failed to state the name and address of FOODLINER.

44.     Plaintiff Billy Wayne Gibson worked as a truck driver for Defendant from prior to the Class Period until October 2016. Plaintiff Gibson regularly worked shifts of longer than ten (10) hours per day, and frequently worked shifts longer than twelve (12) hours a day. FOODLINER paid Plaintiff Gibson based on the loads he delivered on a weekly basis. For example, on December 7, 2015, Plaintiff Gibson delivered a load from Patterson, California to Calistoga, California, and he was paid a flat rate of $170.00 for that delivery regardless of the amount of time it took him to make the delivery. FOODLINER did not separately compensate Plaintiff Gibson for his nonproductive time or for his rest periods on December 7, 2015, or on any other day that he performed work during the Class Period.

45.     Plaintiff Gibson regularly and consistently worked shifts longer than six (6) hours, yet FOODLINER did not provide Plaintiff Gibson with off-duty meal periods or authorize and permit him to take off-duty rest periods.

46.     FOODLINER required Plaintiff Gibson to use his personal cell phone for work-related tasks on a daily basis.  FOODLINER did not reimburse Plaintiff Gibson for the costs of using his personal cell phone.

47.     The wage statements provided by FOODLINER to Plaintiff Gibson did not accurately state his actual number of hours worked and the applicable pay rate(s), and failed to account for paid rest periods.  They also failed to state the name and address of FOODLINER.

48.     Plaintiff Bobby G. Smith worked as a truck driver for Defendant from prior to the Class Period until March 2016. Plaintiff Smith regularly worked shifts of longer than ten (10) hours per day, and frequently worked shifts longer than twelve (12) hours a day. FOODLINER paid Plaintiff Smith based on the loads he delivered on a weekly basis. For example, on August 23, 2014, Plaintiff Smith delivered a load from Patterson, California to Calistoga, California, and he was paid a flat rate of $170.00 for that delivery regardless of the amount of time it took him to make the delivery. FOODLINER did not separately compensate Plaintiff Smith for his nonproductive time or for his rest periods on August 23, 2014, or on any other day that he performed work during the Class Period.

49.     Plaintiff Smith regularly and consistently worked shifts longer than six (6) hours, yet FOODLINER did not provide Plaintiff Smith with off-duty meal periods or authorize and permit him to take off-duty rest periods.

50.     FOODLINER required Plaintiff Smith to use his personal cell phone for work-related tasks on a daily basis.  FOODLINER did not reimburse Plaintiff Smith for the costs of using his personal cell phone.

51.     The wage statements provided by FOODLINER to Plaintiff Smith did not accurately state his actual number of hours worked and the applicable pay rate(s), and failed to account for paid rest periods.  They also failed to state the name and address of FOODLINER.

# V.      CLASS ACTION ALLEGATIONS

52.      Plaintiffs bring this lawsuit as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and all similarly situated employees.  The class that Plaintiffs seeks to represent ("Class") is defined as:

> All individuals whom FOODLINER employed as truck drivers in California at any time during the Class Period.

53.      The claims herein have been brought and may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest among Class Members with respect to the claims asserted herein and the Class is easily ascertainable:

a.      <u>Ascertainability and Numerosity</u>:  The potential members of the Class as defined herein are so numerous that joinder would be impracticable.  Plaintiffs are informed and believe and on such information and belief allege that FOODLINER has employed at least one hundred and eighty (180) Class Members in California during the Class Period.  The names and addresses of the Class Members are available from FOODLINER.  Notice can be provided to the Class Members via first class mail using techniques and a form of notice similar to those customarily used in class action lawsuits of this nature.

b.      <u>Commonality</u>:  There are questions of law and fact common to Plaintiffs and Class Members that predominate over any questions affecting only individual members of the Class.  These common questions of law and fact include, without limitation:

i.      Whether FOODLINER has violated Labor Code sections 1182.11-1182.13, 1194, 1194.2, 1197 and 1198, and IWC Wage Order No. 9, by failing to pay at least the minimum wage for all work performed, including for non-productive time; for dead-head time; for time spent performing work duties before the first load of the day and after the last load of the day; for standby time; for completing necessary paperwork; for attending mandatory safety meetings; and for rest periods.

ii.  Whether FOODLINER has violated Labor Code sections 226.7 and 512 and IWC Wage Order No. 9 by failing to provide meal periods and by failing to authorize and permit rest periods;

iii.  Whether FOODLINER has violated Labor Code section 2802 by failing to reimburse or indemnify truck drivers for business-related expenses, including but not limited to the costs incurred by using their personal cell phones and meal expenses;

iv.  Whether FOODLINER has knowingly and intentionally failed to provide truck drivers with an itemized statement showing all hours worked, time paid for rest periods, the name and address of FOODLINER, and applicable piece rate information, as required by Labor Code section 226, IWC Wage Order No. 9, section 7, and the UCL;

v.  What relief is necessary to remedy FOODLINER's unfair and unlawful conduct as herein alleged; and

vi.  Other questions of law and fact.

c.  Typicality:  Plaintiffs' claims are typical of the claims of the Class. Plaintiffs and all members of the Class have sustained injuries-in-fact due to their damages arising out of and caused by FOODLINER's common course of conduct in violation of law, as alleged herein.

d.  Adequacy of Representation:  Plaintiffs are members of the Class that they seek to represent, and will fairly and adequately represent and protect the interests of the Class Members.  Counsel representing Plaintiffs is competent and experienced in litigating wage and hour class actions.

e.  Superiority of Class Action:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each Class Member has suffered

**- 12 -**

injury and is entitled to recover by reason of FOODLINER's illegal policies and/or practices as alleged herein.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Further, the prosecution of separate actions against FOODLINER by individual Class Members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for FOODLINER.

## VI.    DAMAGES

54.    As a direct, foreseeable, and proximate result of FOODLINER's conduct, Plaintiffs and similarly situated truck drivers are owed, among other things, compensation plus interest, payments for meal and rest period violations plus interest, wage statement penalties under Labor Code section 226, waiting time penalties under Labor Code section 203, and other statutory penalties, in an amount that exceeds $25,000, the precise amount of which will be proven at trial.

## VII.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**FAILURE TO PAY MINIMUM WAGE FOR ALL HOURS WORKED**
**(Labor Code §§ 1182.11-1182.13, 1194, 1194.2, 1197 & 1198;**
**Wage Order No. 9, Cal. Code of Regs., tit. 8, § 11090)**

55.    The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiffs allege as follows a cause of action on behalf of themselves and the above-described Class of similarly situated truck drivers employed by FOODLINER in California.

56.    Throughout the Class Period, Labor Code sections 1182.11-1182.13, 1194, 1197, and Wage Order No. 9 were in full force and effect and required that FOODLINER's non-exempt employees receive at least the minimum wage for all hours worked.

57.    Throughout the Class Period, as a result of the policies and practices set forth herein, FOODLINER has failed to pay Plaintiffs and Class Members, and continually fails to pay them, minimum wages or agreed upon wages as required by law for all of their hours worked. Specifically, FOODLINER failed to pay Plaintiffs and other Class Members for their non-

productive time, for time spent dead-heading before the pick-up, and after the delivery, of loads, for their time spent performing work pre- and post-trip, for standby time, for standby time, for completing necessary paperwork, for required safety meetings, and for rest periods. Furthermore, the wages that FOODLINER paid Plaintiffs regularly failed to meet the requirements of applicable minimum wage laws.

58.     As a direct and proximate result of FOODLINER's acts and/or omissions, Plaintiffs and Class Members have suffered economic damages in amounts to be determined at trial.

59.     Labor Code section 1194(a) provides that an employee who has not been paid at least minimum wages as required by section 1197 may recover the unpaid balance of the full amount of such wages, interest thereon, attorneys' fees and the costs of suit.

60.     Labor Code section 1194.2 provides that employees who have not been paid at least minimum wages for their hours worked are entitled to recover liquidated damages in an amount equal to the minimum wages that a defendant unlawfully failed to pay them in amounts according to proof at the time of trial.

61.     Additionally, FOODLINER has not maintained adequate and accurate records of all wages earned, hours worked, and meal and rest periods taken, in violation of Wage Order No. 9, section 7.

62.     Plaintiffs, on behalf of themselves and the Class, request restitution of unpaid wages, liquidated damages, attorneys' fees and costs under Labor Code section 1194, civil penalties under Labor Code section 558, and other relief as described below.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE OFF-DUTY MEAL PERIODS
#### (Labor Code §§ 226.7and 512, and Wage Order No. 9)

63.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiffs allege as follows a cause of action on behalf of themselves and the above-described Class of similarly situated truck drivers employed by FOODLINER in California.

64.     Throughout the Class Period, California Labor Code sections 226.7 and 512, and Wage Order No. 9 were in full force and effect and required FOODLINER to provide employees who worked in excess of five (5) hours a day without being provided at least a thirty (30) minute meal period in which they were relieved of all duties, and a second thirty (30) minute meal period to employees who worked in excess of ten (10) hours a day, and to pay one (1) hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided.

65.     Plaintiffs and other Class Members have regularly worked in excess of five (5) hours a day and ten (10) hours a day, without being provided at least a thirty (30) minute meal period in which they were relieved of all duties, as required by Labor Code sections 226.7 and 512, and IWC Wage Order No. 9, section 11(A).

66.     Because FOODLINER failed to provide meal periods, FOODLINER is liable to Plaintiffs and other Class Members for one (1) hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to Labor Code section 226.7(b) and IWC Wage Order No. 9, section 11(D).

67.     By violating Labor Code section 226.7 and IWC Wage Order No. 9, section 11, FOODLINER is also liable for interest under Labor Code section 218.6, reasonable attorneys' fees and costs under Labor Code section 218.5, and civil penalties under Labor Code section 558.

68.     Additionally, FOODLINER did not maintain adequate and accurate records of all wages earned, hours worked, and meal and rest periods taken, in violation of Wage Order No. 9, section 7.

69.     Plaintiffs, on behalf of themselves and the Class, request restitution of unpaid wages and other relief as described below.

## THIRD CAUSE OF ACTION

### FAILURE TO AUTHORIZE AND PERMIT REST PERIODS
**(Labor Code § 226.7; IWC Wage Order No. 9)**

70.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiffs allege as follows a cause of action on behalf of themselves and

- 15 -

the above-described Class of similarly situated truck drivers employed by FOODLINER in California.

71.     Plaintiffs and other Class Members have regularly worked in excess of three and one-half (3½) hours a day without being permitted to take at least a ten (10) minute rest period for every four (4) hours worked, or major fraction thereof, as required by Wage Order No. 9, section 12 and Labor Code section 226.7.

72.     Because FOODLINER failed to permit proper rest periods, FOODLINER is liable to Plaintiffs and other Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not authorized, pursuant to Labor Code section 226.7(b) and Wage Order No. 9, section 12(B).

73.     Additionally, FOODLINER has not maintained adequate and accurate records of all wages earned, hours worked, and meal and rest periods taken, in violation of Wage Order No. 9, section 7.

74.     Plaintiffs, on behalf of themselves and the Class, request restitution of unpaid wages and other relief as described below.

## FOURTH CAUSE OF ACTION

**FAILURE TO INDEMNIFY EMPLOYEES FOR BUSINESS-RELATED EXPENSES**
**(Labor Code § 2802)**

75.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiffs allege as follows a cause of action on behalf of themselves and the above-described Class of similarly situated truck drivers employed by FOODLINER in California.

76.     Labor Code section 2802 provides, in pertinent part: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful. … For purposes of this section, the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by

the employee enforcing the rights granted by this section."

77.    While acting on the direct instruction of FOODLINER and discharging their duties for them, Plaintiffs and other Class Members incurred work-related business expenses, including but not limited to meal expenses while travelling for work-related purposes and the costs of using their personal cell phones, for which FOODLINER failed to reimburse them.

78.    By requiring Plaintiffs and members of the proposed Class to incur business expenses in direct consequence of the discharge of their duties for FOODLINER and/or in obedience to FOODLINER's direction without fully reimbursing or indemnifying employees for these expenses, FOODLINER violated and continues to violate Labor Code section 2802.

79.    As a direct and proximate result of FOODLINER's unlawful practices and policies, Plaintiffs and members of the proposed Class have suffered monetary losses, and are entitled to restitution of all expenses incurred in the performance of their work duties, interest thereon, reasonable attorneys' fees and costs, and all applicable statutory penalties available for the FOODLINER's violations of Labor Code section 2802.

80.    Plaintiffs, on behalf of themselves and the proposed Class, requests reimbursement and/or indemnification for their required business expenses as stated herein and other relief as described below.

**FIFTH CAUSE OF ACTION**

**WAGE STATEMENT PENALTIES**
**(Labor Code § 226)**

81.    The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiffs allege as follows a cause of action on behalf of themselves and the above-described Class of similarly situated truck drivers employed by FOODLINER in California.

82.    Labor Code section 226(a) requires employers semi-monthly or at the time of each payment of wages to furnish each employee with a statement itemizing, among other things, the total hours worked and wages earned by the employee.  Labor Code section 226(b) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, among other

- 17 -

things, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50.00) for the initial violation and one hundred dollars ($100.00) for each subsequent violation, up to a maximum of four thousand dollars ($4,000.00).

83.   FOODLINER knowingly and intentionally failed to furnish Plaintiffs and the other Class Members with timely, accurate, itemized statements showing the actual number of hours worked, including time paid for rest periods, the applicable piece-rate information and number of piece-rates earned, the name and address of the legal entity that is the employer, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate. or the inclusive dates of the pay period, as required by Labor Code section 226(a).

84.   Plaintiffs and other Class Members were damaged by this failure because, among other things, they cannot readily determine whether FOODLINER has paid them all wages due.

85.   As a result, FOODLINER is liable to Plaintiffs and the Class Members for the amounts provided by Labor Code section 226(b).

86.   Plaintiffs, on behalf of themselves and the proposed Class, requests wage statement penalties pursuant to Labor Code section 226 and relief as described below.

## SIXTH CAUSE OF ACTION

### UNFAIR COMPETITION AND UNFAIR BUSINESS PRACTICES
### (Business & Professions Code §§ 17200 *et seq.*)

87.   The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiffs allege as follows a cause of action on behalf of themselves and the above-described Class of similarly situated truck drivers employed by FOODLINER in California.

88.   FOODLINER's failure to pay legally required compensation under the Wage Order No. 9 and Labor Code provisions, failure to furnish truck drivers with wage statements accurately showing hours worked in accordance with Labor Code section 226, failure to provide meal periods as required by Labor Code sections 226.7 and 512, and failure to authorize and permit rest periods as required by Labor Code section 226.7, as alleged above, constitute unlawful and/or unfair activities prohibited by Business and Professions Code section 17200.  Plaintiffs reserve the right

- 18 -

to identify additional unfair and unlawful practices by FOODLINER as further investigation and discovery warrants.

89.     Moreover, Business and Professions Code section 17203 provides that the Court may restore to an aggrieved party any money or property acquired by means of unlawful and unfair business practices. Plaintiffs seek a court order requiring an audit and accounting of the payroll records to determine the amount of restitution of all unpaid wages owed to themselves and Class Members, according to proof, as well as a determination of the amount of funds to be paid to current and former employees that can be identified and located pursuant to a court order and supervision.

90.     Plaintiffs and all Class Members are "persons" within the meaning of Business and Professions Code section 17204 who have suffered injury in fact as a result of FOODLINER's unfair competition, and who comply with the requirements of Code of Civil Procedure section 382, as set forth above, and therefore have standing to bring this claim for injunctive relief, restitution, and other appropriate equitable relief.

91.     As a result of its unlawful and/or unfair acts, FOODLINER has reaped and continue to reap unfair benefits and illegal profits at the expense of Plaintiffs and proposed Class Members. FOODLINER should be enjoined from this activity and made to restore to Plaintiffs and proposed Class Members their wrongfully withheld wages, interest thereon, and related statutory penalties, pursuant to Business and Professions Code sections 17202 and 17203.

92.     Private enforcement of these rights is necessary, as no other agency has raised a claim to protect these workers. There is a financial burden incurred in pursuing this action that would be unjust to place upon Plaintiffs, as the burden of enforcing workforce-wide rights is disproportionately greater than that of enforcing only a plaintiff's individual claims. Additionally, Plaintiffs and truck drivers are low-income workers who cannot afford to spend part of their wages on enforcing others' wage rights. Therefore, it would be against the interests of justice to force payment of attorneys' fees from Plaintiffs' recovery in this action. Accordingly, attorneys' fees are appropriate and sought pursuant to the Code of Civil Procedure section 1021.5.

93.     Plaintiffs, on behalf of themselves and the Class, request restitution of unpaid wages, wage premiums, injunctive relief and other relief as described below.

### SEVENTH CAUSE OF ACTION
### PENALTIES UNDER THE PRIVATE ATTORNEYS GENERAL ACT
### (Labor Code §§ 2698 *et seq.*)

94.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference. Plaintiffs bring this claim as a representative cause of action on behalf of themselves and the following aggrieved employees: All of FOODLINER's California-based truck drivers who worked for FOODLINER during the relevant time period.

95.     Pursuant to Labor Code section 2699.3(a), on October 31, 2016, Plaintiffs gave written notice by certified mail to FOODLINER, and by electronic delivery to the California Labor Workforce Development Agency ("LWDA"), of the factual and legal basis for the labor law violations alleged in this complaint. The LWDA did not provide notice pursuant to Labor Code section 2699.3(a)(2)(A), and 65 calendar days passed since the postmark date of Plaintiffs' LWDA notice. Therefore, on January 18, 2017, Plaintiffs commenced a civil action pursuant to Labor Code section 2699 in the California Superior Court in Alameda County, Case No. RG17846044.

96.     Labor Code section 2699(f) provides, in pertinent part: "For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: . . . If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."

97.     Labor Code section 2699(g)(1) provides, in pertinent part: "[A]n aggrieved employee may recover the civil penalty described in subdivision (f) in a civil action . . . filed on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed. Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs."

98.     Plaintiffs are aggrieved employees as defined by Labor Code section 2699(a).

99.     Plaintiffs' cause of action under Labor Code section 2698 *et seq*. is based on the following allegations:

a.   Violations of Labor Code section 558 for failing to pay minimum wages due. Specifically, FOODLINER does not pay minimum wages to Plaintiffs and other truck drivers for all hours worked, as required by Labor Code sections 1182.1-1182.3, 1194, 1194.2, 1197 and 1198.

b.   Violations of Labor Code section 226.2, subdivision (a) for failing to separately compensate Plaintiffs and other truck drivers for their rest periods and other non-productive time, including, but not limited to, for work pre-trip and post-trip, for paperwork, for fueling time, for standby time, and for required safety meetings and/or trainings.

c.   Violations of Labor Code section 558 for failing to pay wages due, including those for missed meal and rest periods as required by Labor Code sections 226.7 and 512. Specifically, with respect to meal periods, FOODLINER does not permit Plaintiffs and other truck drivers to take off-duty meal periods, and does not pay one additional hour of pay at their regular rate of compensation for each missed meal period.  FOODLINER also does not pay Plaintiffs and other truck drivers for their rest periods.  Nor does it pay one additional hour of pay at their regular rate of compensation for each missed rest period.

d.   Violations of Labor Code section 2802, requiring employers to indemnify employees for all work-related expenditures.  Specifically, FOODLINER does not indemnify Plaintiffs and other truck drivers for business-related expenses incurred by Plaintiffs and other truck drivers in the discharge of their work duties, including, but not limited to, meal expenses incurred while travelling on behalf of FOODLINER and the costs of using their personal cell phones for FOODLINER's business purposes.

e. Violations of Labor Code section 226, requiring employers to provide specific information on employees' itemized wage statements, as FOODLINER does not include all hours worked, the applicable piece-rate information and number of piece-rates earned, the name and address of the legal entity that is the employer, or the inclusive dates of the pay period.

f. Violations of Labor Code sections 201 through 203, requiring the timely payment of wages. FOODLINER has not timely paid those truck drivers who are no longer employed with FOODLINER all wages owed and due at the time of termination of their employment.

g. Violations of Labor Code sections 204 and 210, based on FOODLINER's failures to pay Plaintiffs and other truck drivers all wages owed on their regular payday.

h. Violations of Labor Code section 212, based on FOODLINER's issuance of payday debit cards for which aggrieved employees must pay a fee in order to receive their wages.

100. As a direct and proximate result of FOODLINER's unlawful practices and policies, Plaintiffs and the other aggrieved employees have suffered and continue to suffer monetary losses.

101. Plaintiffs, on behalf of themselves and other aggrieved employees, request civil penalties against FOODLINER for violations of the Labor Code, as provided under Labor Code section 2699(f), plus reasonable attorneys' fees and costs, as provided under Labor Code section 2699(g)(1), in amounts to be proved at trial.

WHEREFORE, Plaintiffs, on behalf of themselves and all other aggrieved employees, pray for judgment against FOODLINER as set forth below.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves and the above-described Class of similarly situated truck drivers, requests relief as follows:

a. Certification of the above-described Class as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b.    Certification of the above-described Class as a representative class under Business and Professions Code section 17200;

c.    Provision of Class Notice to all truck drivers who worked for FOODLINER during the Class Period;

d.    A declaratory judgment that FOODLINER has knowingly and intentionally violated Business and Professions Code sections 17200-17208, by the conduct set forth above;

e.    A declaratory judgment that FOODLINER's violations as described above were willful;

f.    An equitable accounting to identify, locate, and restore to all current and former truck drivers the wages and business expenses that are due;

g.    An award to Plaintiffs and the Class Members of damages in the amount of unpaid wages, and meal and rest period pay, including interest thereon, subject to proof at trial;

h.    An award to Plaintiffs and the Class Members of damages in the amount of unreimbursed business expenses, including interest thereon, subject to proof at trial;

i.    An award to Plaintiffs and the Class Members of statutory penalties because of FOODLINER's failure to provide Plaintiffs and the Class Members with itemized wage statements that comply with the requirements of Labor Code section 226;

j.    An award to Plaintiffs and other aggrieved employees of civil penalties under PAGA, and reasonable attorneys' fees and costs.

k.    An order requiring FOODLINER to pay restitution of all amounts owed to Plaintiffs and similarly situated truck drivers for FOODLINER's failure to pay legally required wages, meal and rest period pay, and unreimbursed business expenses, and interest thereon, in an amount according to proof, pursuant to Business & Professions Code section 17203;

l.    An award to Plaintiffs and the Class Members of reasonable attorneys' fees and

costs, pursuant to Code of Civil Procedure section 1021.5 and Labor Code sections 218.5, 226(e), 226.7, 512, 558, 1194, 2802, 2699 and/or other applicable law; and

m.  An award to Plaintiffs and the Class Members of such other and further relief as this Court deems just and proper.

DATED:  October 20, 2017                    HUNTER PYLE LAW


By: */s/ Hunter Pyle*_____
    Hunter Pyle
    Attorneys for Plaintiffs and the Putative Class




## **DEMAND FOR JURY TRIAL**

Plaintiffs, individually and on behalf of all other similarly situated Class Members, demand a jury trial of this matter on all claims so triable.


DATED:  October 20, 2017                    HUNTER PYLE LAW


By: */s/ Hunter Pyle*_____
    Hunter Pyle
    Attorneys for Plaintiffs and the Putative Class