UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONDA AUSTIN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FOODLINER, INC.,<br><br>Defendant. | Case No. 16-cv-07185-HSG (DMR)<br><br>**ORDER RE: JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 31 |

## I. INTRODUCTION

Before the court is the parties' joint discovery letter in which Plaintiffs Ronda Austin, Christopher Corduck, Ernest Dial, Billy Wayne Gibson, and Bobby G. Smith ("Plaintiffs") move to compel Defendant Foodliner, Inc. ("Foodliner") to produce contact information for putative class members. [Docket No. 31.] The court held a hearing on February 22, 2018. For the reasons stated below and at the hearing, Plaintiffs' motion to compel discovery is GRANTED.

## II. BACKGROUND

Plaintiffs filed this wage and hour putative class action against Foodliner, a trucking business that transports liquid and dry cargo throughout California. [Docket No. 23 (FAC) ¶¶ 3, 18.] Plaintiffs are former truck drivers who seek to represent a California class of current and former non-exempt truck drivers who were employed by Foodliner during the putative class period, November 3, 2012, to the present. *Id.* at ¶¶ 2, 12. Plaintiffs allege that Foodliner committed various California Labor Code violations, including the failure to pay minimum wages, permit rest periods, and provide adequate wage statements. *Id.* at ¶¶ 3-9. Plaintiffs seek damages, injunctive relief, declaratory relief, equitable relief, and penalties under the Private Attorneys General Act ("PAGA"). *Id.* at pp. 22-24.

On August 29, 2017, Plaintiffs served their first set of special interrogatories on

Foodliner.[1]  At issue here is Special Interrogatory No. 1, which requests the disclosure of putative class member contact information, including last known address, telephone numbers (i.e., home and cellular), and any email address on file.

On January 5, 2018, the parties filed a joint discovery letter in which Plaintiffs move to compel the production of putative class member contact information pursuant to a protective order.  Foodliner objects, arguing that a protective order does not adequately address privacy interests in the contact information.  Foodliner requests that the information only be disclosed after putative class members are provided with a written notice informing them of the lawsuit and giving them an opportunity to opt-out of contact by Plaintiffs' counsel, also known as a "*Belaire-West*" notice.  *See Belaire-W. Landscape, Inc. v. Superior Court*, 149 Cal. App. 4th 554, 557-58 (2007).

## III.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 26, a party "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  Although the plaintiff bears the burden to show that pre-certification discovery is warranted, courts "generally recognize the need for pre-certification discovery relating to class issues."  *Nevarez v. Forty Niners Football Co., LLC*, No. 16-cv-07013-LHK (SVK), 2018 WL 306681, at *1 (N.D. Cal. Jan. 5, 2018).

When a party objects to a pre-certification discovery request for putative class member contact information on the basis of privacy, courts "must balance the [plaintiff's] need for the information against the [putative class members'] privacy rights" to determine whether disclosure is appropriate.  *Id.* at *2 (citing *Tierno v. Rite Aid Corp.*, No. C 05-02520 THE, 2008 WL 3287035, at *3 (N.D. Cal. July 31, 2008)).  The factors courts consider when evaluating a privacy objection are outlined in *Pioneer Electronics (USA), Inc. v. Superior Court*, 40 Cal. 4th 360, 370-371 (2007) (quoting *Hill v. Nat'l Collegiate Athletic Assn.*, 7 Cal. 4th 1, 35-37 (1994)).  Under the

---

[1] The court adopts the term "special interrogatory" here because it is used by the parties, even though it comes from California rather than federal discovery practice.

*Pioneer* balancing test, courts must first determine whether the individuals have (1) a legally protected privacy interest; (2) a reasonable expectation of privacy; and (3) whether the invasion of privacy is serious. *Id.* If these criteria are met, courts then balance the privacy interests against the competing or countervailing interests, such as discovery rights. *Id*. at 371; *see also Barreras v. Michaels Stores, Inc.*, No. C 12-4474 (PJH), 2015 WL 1886337, at *4 (N.D. Cal. Apr. 24, 2015) (applying the *Pioneer* balancing test to privacy objections raised in pre-certification discovery).

## IV. DISCUSSION

The parties do not dispute that putative class member contact information is relevant, discoverable, and should be produced. Rather, the parties disagree about what measures are appropriate to protect putative class member privacy interests in disclosure of their contact information. Plaintiffs argue that the Northern District's model protective order is sufficient to address the privacy interests at issue. Foodliner disagrees, arguing that a *Belaire-West* notice is the preferred procedure. Plaintiffs respond that a *Belaire-West* notice is unnecessary under these circumstances and would delay discovery.

The predominant practice among courts in the Northern District of California is to allow "pre-certification discovery of putative class members' confidential [contact] information subject to a protective order," without requiring a *Belaire-West* notice. *Salazar v. McDonald's Corp.*, No. 14-CV-02096-RS (MEJ), 2016 WL 736213, at *5 (N.D. Cal. Feb. 25, 2016); *see also Benedict v. Hewlett-Packard Co.*, No. 13-CV-0119-LHK, 2013 WL 3215186, at *2 (N.D. Cal. June 25, 2013) ("[N]umerous courts in the Northern District of California have allowed pre-certification discovery of putative class members' confidential information subject to a protective order, without requiring prior notice to the putative class members.") (citation and internal quotation marks omitted). Courts in this district generally have required *Belaire-West* notices only when there are special privacy concerns, such as the disclosure of medical or financial information, and/or when the parties have agreed to such notice. *See Bottoni v. Sallie Mae, Inc.*, No. C 10-03602 LB, 2012 WL 830434, at *3 (N.D. Cal. June 1, 2012) (ordering a *Belaire-West* notice per the parties' agreement and given the "special privacy concerns [involved] because the class members had defaulted on their loans.").

3

Foodliner contends that Plaintiffs' request for putative class members' telephone numbers requires a *Belaire-West* notice because "contact by telephone constitutes a more serious invasion of privacy because the putative class members cannot ignore a telephone call the same way they can ignore a solicitation that arrives by mail." *Willner v. Manpower, Inc.*, No. C 11-2846 JST (MEJ), 2013 U.S. Dist. LEXIS 4382, at *7 (N.D. Cal. Mar. 27, 2013). Although this court agrees with *Willner*'s factual proposition that it is slightly easier to ignore a solicitation that arrives by mail rather than telephone, it does not necessarily follow that such an incremental difference warrants more than the significant bulwark provided by a protective order. Indeed, no other court in this district has followed *Willner*, and numerous courts, including this one, have ordered the disclosure of the same contact information that Plaintiffs seek here, including telephone numbers, pursuant to a protective order. *See Brawner v. Bank of Am., N.A.*, No. C 14-02702 YGR (LB), 2014 WL 6845504, at *4 (N.D. Cal. Dec. 4, 2014) (ordering disclosure of putative class members' names, addresses, telephone numbers, and email addresses pursuant to a protective order); *Artis v. Deere & Co.*, 276 F.R.D. 348, 353 (N.D. Cal. 2011) (ordering disclosure of putative class members' names, addresses, and phone numbers pursuant to a protective order); *Wellens v. Daiichi Sankyo Inc.*, No. C-13-00581-WHO (DMR), 2014 WL 969692, at *3 (N.D. Cal. Mar. 5, 2014) (ordering disclosure of putative class members' names, addresses, and phone numbers pursuant to the existing protective order). Unlike the disclosure of medical or financial information, none of the contact information Plaintiffs request implicates special privacy concerns or threatens "undue intrusion into one's personal life." *Pioneer*, 40 Cal. 4th at 373. To the extent that Foodliner cites cases from other districts which reach a different outcome, the court declines to follow them. *See, e.g.*, *Talavera v. Sun Maid Growers of Cal.*, 2017 U.S. Dist. LEXIS 20809, at *5 (E.D. Cal. Feb. 13, 2017) (ordering a *Belaire-West* notice prior to release of putative class member contact information); *Murphy v. Target Corp.*, No. 09CV1436-AJB (WMC), 2011 WL 2413439, at *3-4 (S.D. Cal. June 14, 2011) (same).

Foodliner's remaining cases address an entirely different issue raised in earlier cases and not implicated here, namely whether the disclosure of putative class members' contact information requires an opt-in notice, as opposed to a *Belaire-West* notice. *See, e.g., Stone v. Advance Am.*,

4

No. 08CV1549 WQH (WMC), 2009 WL 4722924, at *5 (S.D. Cal. Dec. 4, 2009) (ordering disclosure of consumer contact information pursuant to a *Belaire-West* notice instead of an opt-in notice); *Nguyen v. Baxter Healthcare Corp.*, 275 F.R.D. 503, 512 (C.D. Cal. 2011) (holding that a *Belaire-West* notice properly balanced the parties' interests compared to an opt-in notice). Unlike a *Belaire-West* notice, an opt-in notice requires putative class members to confirm in writing, or opt-in, to having their contact information disclosed. *See Puerto v. Superior Court*, 158 Cal. App. 4th 1242, 1252 (2008). As noted in *Puerto*, opt-in notices "unduly hamper [plaintiffs] in conducting discovery" by "erecting obstacles." *Id.* at 1245; *see also Belaire-W.*, 149 Cal. App. 4th at 560 (noting that requiring an opt-in notice for pre-certification discovery of putative class member contact information "could hamper litigation designed to remedy social problems.").

Accordingly, the court finds that a protective order will adequately address the privacy concerns of the putative class members by limiting the distribution and usage of the contact information. A *Belaire-West* notice is unnecessary under these circumstances. However, mindful of the putative class members' privacy rights, the court orders Plaintiffs' counsel to inform each contacted putative class member that he or she has the right not to talk to counsel and, upon a declination, counsel shall immediately terminate the conversation and will not contact that individual again. Plaintiffs' counsel must also inform each contactee that the court compelled Foodliner to disclose employee contact information, and that the contact information was provided solely for this lawsuit and cannot be distributed for other uses.

## V.     CONCLUSION

In conclusion, Plaintiffs' motion to compel is GRANTED. Foodliner is ordered to produce each putative class members' last known address, telephone numbers, and any email address pursuant to a protective order. As ordered at the hearing, the parties must file a stipulated proposed protective order for this court's approval by no later than March 1, 2018.

**IT IS SO ORDERED.**

Dated: March 6, 2018

Donna M. Ryu
United States Magistrate Judge