**HUNTER PYLE** (SBN 191125)
**CHAD SAUNDERS** (SBN 257810)
**HUNTER PYLE LAW**
428 Thirteenth Street, Eleventh Floor
Oakland, California 94612
Telephone: (510) 444-4400
Facsimile: (510) 444-4410
Emails: hunter@hunterpylelaw.com;
      csaunders@hunterpylelaw.com

Attorneys for Plaintiffs RONDA AUSTIN,
CHRISTOPHER CORDUCK, ERNEST DIAL,
BILLY WAYNE GIBSON and BOBBY G. SMITH

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| RONDA AUSTIN, CHRISTOPHER CORDUCK, ERNEST DIAL, BILLY WAYNE GIBSON, and BOBBY G. SMITH, on behalf of themselves and others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>FOODLINER, INC.,<br><br>Defendant. | Case No. 4:16-cv-07185-HSG<br><br>**JUDGMENT** |

| | |
|---|---|
| 1 | This matter came on for hearing before this Court on May 2, 2019 at 2:00 p.m., pursuant to Rule 23 of the Federal Rules of Civil Procedure and this Court's August 17, 2018 Order Granting Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 51). On May 10, 2019, the Court entered an Order (the "Final Approval Order") granting Plaintiffs' motions for (1) final approval of class action settlement and (2) attorneys' fees, costs, and incentive payments (in part) (Dkt. No. 61). |

In accordance with the Final Approval Order, and pursuant to Rules 23 and 58 of the Federal Rules of Civil Procedure, and pursuant to 29 U.S.C. § 216(b), IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. This Court has jurisdiction over the subject matter of the above-captioned action (the "Action"), the Named Plaintiffs Ronda Austin, Christopher Corduck, Ernest Dial, Billy Wayne Gibson, and Bobby G. Smith ("Named Plaintiffs"), Defendant Foodliner, Inc. ("Defendant"), and all members of the Settlement Class, which is comprised of the following class members:

Class Members

All individuals employed by Foodliner as truck drivers in California at any time from November 3, 2012 to August 17, 2018.

PAGA Subclass Members

Class members employed by Foodliner between October 31, 2015 to August 17, 2018.

Final Approval Order at 3.

2. As used herein, the terms "Settlement" and "Settlement Agreement" shall refer to the Joint Stipulation and Settlement of Class Action Claims filed by the Named Plaintiffs on July 12, 2018 as Exhibit 1 to the Declaration of Hunter Pyle in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 49).

3. Named Plaintiffs shall be paid incentive payments of $10,000.00 to Plaintiff Austin and $5,000.00 each to Plaintiffs Corduck, Dial, Gibson, and Smith, out of the Gross Settlement Amount, in accordance with the terms of the Settlement Agreement and the Final

Approval Order.

4. The California Labor and Workforce Development Agency shall be paid $61,053.75 out of the Gross Settlement Amount as its share of the PAGA penalties, in accordance with the terms of the Settlement Agreement and the Final Approval Order. Individual settlement payments shall be paid to the participating Settlement Class members out of the Net Settlement Sum, in accordance with the terms of the Settlement Agreement.

5. Class Counsel shall be paid $300,000 in attorneys' fees from the Gross Settlement Amount in accordance with the terms of the Settlement Agreement and the Final Approval Order.

6. Class Counsel's litigation costs of $ 22,221.37 shall be paid out of the Gross Settlement Amount in accordance with the terms of the Settlement Agreement and the Final Approval Order.

7. The Claims Administrator, Simpluris, Inc., shall be paid for its fees and expenses in connection with the administration of the Settlement Agreement out of the Gross Settlement Amount, in accordance with the terms of the Settlement Agreement and the Final Approval Order, in the amount of $4,500.

8. By this Judgment, the Named Plaintiffs and each member of the Rule 23 Class and PAGA Subclass who has not timely and validly requested exclusion from the Settlement by opting out (collectively, the "Participating Class Members"), hereby release Defendant and the Released Parties (as defined in the Settlement Agreement at ¶ 27) from the Released Claims (as defined in the Settlement Agreement at ¶ 28), and all of the Released Claims are dismissed with prejudice as to the Participating Class Members. One Class Member has opted-out of the Settlement and will not be bound by the Final Approval Order or this Judgment.

9. By this Judgment, the Participating Class Members are permanently barred from asserting any of the Released Claims in the future. The parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Settlement Agreement and the Final Approval Order.

10. The Court reserves and retains exclusive jurisdiction over the Action, the Named Plaintiffs, the Settlement Class, and Defendant for the purposes of supervising the implementation, effectuation, enforcement, construction, administration, and interpretation of the Settlement Agreement and this Judgment.

11. Final judgment is hereby entered pursuant to Rule 23(c)(3) of the Federal Rules of Civil Procedure. This document shall constitute a final judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: June 12, 2019

Hon. Haywood S. Gilliam, Jr.
United States District Judge